**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Kyron Nathan Ray Tomlinson,<br><br>  Defendant. | No. CR-18-08374-002-PCT-DWL<br><br>**ORDER** |

On November 13, 2019, Defendant Kyron Nathan Ray Tomlinson ("Tomlinson") was sentenced to a 15-month term of imprisonment, with instructions to self-surrender at his designated Bureau of Prisons ("BOP") facility by January 13, 2020. (Doc. 123.) Now pending before the Court is a *pro se* motion from Tomlinson, filed on April 20, 2020, requesting an early release from prison in light of the COVID-19 pandemic. (Doc. 139.) The motion states that "[t]he conditions inside this prison . . . are quickly deteriorating," "inmates are dying as we are not able to protect ourselves by following guidelines such as quarantine or social distancing," and "my head is [about] four feet from my coughing neighbor." (*Id.*)

Although the Court is very sympathetic to Tomlinson's situation, his motion will be denied. First, although Tomlinson's motion does not identify any legal authority that would authorize his early release from prison, he is presumably seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i), which provides in relevant part that although the general rule is that "[t]he court may not modify a term of imprisonment once it has been imposed," it is

possible to order a sentence reduction upon a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* The difficulty here, however, is that Section 3582(c)(1)(A)(i) also imposes an administrative exhaustion requirement—a court is only authorized to impose a sentence reduction "upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). There is no evidence that Tomlinson complied with this exhaustion requirement—his motion does not suggest he ever made an early-release request to the BOP.

Although a handful of district courts outside the Ninth Circuit have concluded, in recent orders, that it is permissible to disregard Section 3582(c)(1)(A)(i)'s exhaustion requirement in light of the COVID-19 pandemic,[1] the Court respectfully disagrees with those orders and concludes, as many more other courts have recently concluded, that a defendant's failure to comply with the exhaustion requirement precludes a district court from granting relief. *See, e.g., United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (defendant's motion seeking early release in light of the COVID-19 pandemic was "futile" because the defendant "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point"); *United States v. Weidenhamer*, 2020 WL 1929200, *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress

---

[1] *See, e.g., United States v. Haney*, 2020 WL 1821988, *4 (S.D.N.Y. Apr. 13, 2020) ("The Court . . . has the discretion to waive the exhaustion requirement where, as here, strict enforcement of the 30-day waiting period would not serve . . . Congressional objectives. And in the extraordinary circumstances now faced by prisoners as a result of the COVID-19 virus and its capacity to spread in swift and deadly fashion, the objective of meaningful and prompt judicial resolution is clearly best served by permitting Haney to seek relief before the 30-day period has elapsed."); *United States v. Zukerman*, 2020 WL 1659880, *2 (S.D.N.Y. Apr. 3, 2020) ("Zukerman's exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic.").

- 2 -

meant to confer on the courts the authority to waive exhaustion. Congress gave prisoners two ways of getting into court and when Congress's 'will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.' Defendant has not exhausted her administrative remedies and her request must be denied.") (citation omitted).

Second, putting aside the issue of exhaustion, Tomlinson does not argue in his motion that he is immuno-suppressed or otherwise particularly vulnerable to the effects of COVID-19. Indeed, the presentence report reflects that Tomlinson is 27 years old and is "healthy and not taking prescribed medication." (Doc. 100 at 2, 12 ¶ 54.) It is notable that, in the cases in which other courts overlooked Section 3582(c)(1)(A)(i)'s exhaustion requirement and granted early release in light of the COVID-19 pandemic, the defendants had extreme vulnerabilities. *See, e.g., Zukerman*, 2020 WL 1659880 at *1 ("Zukerman is 75 years old and suffers from diabetes, hypertension, and obesity."). In fact, one of the courts that concluded the exhaustion requirement is waivable still denied relief on the merits because the defendant "is less than 65 years old and—unlike many of the prisoners who have applied in recent days for release because they suffer from asthma, diabetes, heart disease, or other deleterious health conditions that make them unusually vulnerable to the effects of COVID-19—[he] is in reasonably good health. Admittedly, [his] age of 61 places him at a higher risk of experiencing complications from COVID-19 than the general prison population. But if . . . age alone were a sufficient factor to grant compassionate release in these circumstances, it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release and that would arguably have a devastating effect on a national community that is now itself so under stress." *Haney*, 2020 WL 1821988 at *5.

…

…

…

…

Accordingly, **IT IS ORDERED** that Tomlinson's motion for early release (Doc. 139) is **denied**.

Dated this 22nd day of April, 2020.

Dominic W. Lanza
United States District Judge