WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-08374-002-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Kyron Nathan Ray Tomlinson, | |
| Defendant. | |

Pending before the Court is Defendant's motion for early termination of supervised release. (Doc. 153.) The government opposes Defendant's request (Doc. 156) and Defendant did not file a reply. For the following reasons, the motion is denied.

## BACKGROUND

In November 2019, Defendant was convicted via guilty plea of the crime of Receipt or Possession of an Unlawfully Imported Firearm and sentenced to 15 months' imprisonment, to be followed by 36 months of supervised release. (Doc. 123.) The Probation Office summarized the offense conduct as follows:

> [Defendant] purchased conversion devices which he used to convert semi-automatic firearms into machineguns . . . [and] introduced [co-defendant JB] to the website, and they then both furnished machineguns to [co-defendant GL]. Further, [Defendant] concocted a plan to steal $7,000 from [co-defendant GL] and recruited [co-defendant JB] to abuse his position of authority at the Mohave County jail to draft a fictitious arrest report, in order to further his plan. [Defendant's] actions demonstrate a complete disregard for the law. Further, it appears [Defendant] played an important role in this offense, as he introduced the firearms to [co-defendant JB] and it is noted

> ATF was unable to recover 70 of the 102 machine guns purchased by [co-defendant JB], which combined with the machineguns [Defendant] sold to [co-defendant GL], resulted in the introduction of more than 70 machineguns to the United States.

(Doc. 100 at 17-18.)

According to the Bureau of Prisons' website, Defendant was released from custody on January 29, 2021.

On September 26, 2022—that is, after more than 19 months of his 36-month term of supervised release had elapsed—Defendant filed the pending motion for early termination. (Doc. 153.)

On October 19, 2022, the government filed a response. (Doc. 156.)

## LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citations omitted).

## DISCUSSION

Defendant seeks early termination of supervised release on the grounds that he has now completed more than half of his supervision term, has "moved to Georgia to maintain a more positive life for [himself] and [his] family," has "accomplished more in the last 2 years of [his] life than [he] ever had before," has successfully obtained employment, and "would like to continue further [his] education and spend time with [his] children who live in other states without any limitations." (Doc. 153 at 1.) In opposition, the government argues that although "Defendant seems to be doing exceptionally well on supervised

release . . . [and] did well while he was released pending trial[,] . . . Defendant's crimes are extremely serious and reflect repeated instances of dangerously poor judgment. As such, the United States recommends that Defendant remain on supervised release until he has completed the full term imposed by this Court." (Doc. 156 at 2.)

The Court agrees with the government. Although Defendant is statutorily eligible for early termination under § 3853(e) (having completed more than half of his term of supervised release) and seems to have conducted himself in exemplary fashion since his term began in January 2021, those considerations form only part of the equation. The Court also must consider certain § 3553 factors, including "the nature and circumstances of the offense" per § 3553(a)(1) and the need for the sentence imposed "to afford adequate deterrence to criminal conduct" per § 3553(a)(2)(B). Due to the exceptionally dangerous and serious nature of the underlying crime, which the Probation Office accurately characterized as "demonstrat[ing] a complete disregard for the law" (Doc. 100 at 17-18), there is correspondingly strong need here for deterrence. The Court thus concludes that the interest of justice would best be served by maintaining the supervisory framework that has enabled Defendant to thrive and remain in compliance with the law since his release from prison.

Accordingly,

**IT IS ORDERED** that Defendant's motion for early termination of supervised release (Doc. 153) is **denied**.

Dated this 9th day of December, 2022.

Dominic W. Lanza
United States District Judge